IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LESHO,                              Case No. 04-73150
                                           Hon. Patrick J. Duggan
    Plaintiff,

v

TEXTRON, INC.,

    Defendant.
_____

**KAECHELE & WILENSKY**                    **KERR, RUSSELL and WEBER, PLC**
By: Neal J. Wilensky (P35182)              By: Robert A. Marsac (P17114)
Attorneys for Plaintiff                    Lisa A. Robinson (P38141)
10775 S. Saginaw                           Attorneys for Defendant
Suite C                                    500 Woodward Avenue
Grand Blanc, MI 48439                      Suite 2500
(810) 606-0410                             Detroit, MI 48226
                                           (313) 961-0200
_____

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Fed R Civ P 56(c) authorizes the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. *Anderson v Liberty Lobby, Inc*, 477 US 242, 248-49 (1986). Significantly, the "mere existence of a scintilla of evidence" in support of the nonmovant's position is insufficient to defeat a motion for summary judgment. *Id*.

In response to Defendant Textron, Inc.'s ("**Defendant**") Motion for Summary Judgment, Plaintiff Daniel Lesho ("**Plaintiff**"), has failed to establish a genuine issue of material fact which precludes summary judgment in favor of the Defendant under Fed R Civ P 56(c).

### A.   Identification of the Injury Causing Product and Its Manufacturer

A prerequisite in every products liability action is identification of the injury causing product and its manufacturer. *Abel v Eli Lilly & Co*, 418 Mich 311, 324; 343 NW2d 164 (1984). Plaintiff cannot meet that prerequisite, and, accordingly, summary judgment is proper.

Plaintiff attaches as Exhibit 10, the General Motors purchase order for the burden carriers at issue. That Exhibit reflects General Motors' purchase of 18 burden carriers, 11 of which were identical to the one allegedly at issue. *Id*. In addition, co-worker Mark Bowen testified that there were similar four-wheeled, battery powered carts used in other parts of the plant, but he could not identify the manufacturers of those carriers. (**Ex. F** p 59).

Plaintiff fails to produce objective evidence that the Cart with serial number 1244060 was the one involved in the accident: the Incident Report attached as Exhibit 3 to Plaintiff's brief does not identify the specific Cart. Plaintiff suggests in his brief that because the Cart was produced for inspection by General Motors, it was the one involved in the Accident. (Resp Brf, p 3). That is insufficient and, where Plaintiff cannot establish with certainty that the Cart was the burden carrier

involved in the Accident, summary judgment is proper.  Fed R Civ P 56(c).

    **B.**    **Industry and Government Standards**

MCL 600.2946(4) creates a rebuttable presumption that a manufacturer is not liable in a products liability action if the product at issue was in compliance with government and/or industry standards at the time the specific unit left the manufacturer's control (the "**Presumption**").  Here, 29 CFR 1910.178 entitled, "Powered Industrial Trucks,"  is the federal standard which governs all design and safety requirements for the Cart.  (**Ex. Q,** J. Fisher Dec, ¶ 16).  It incorporates ANSI B56.1-1969.  *Id.*  Further, the industry standard for the burden carrier at issue is ANSI B56.8. *Id.* at ¶ 7.  Neither the government or industry standards mandate the installation of an Operator Present Switch in a burden carrier.  *Id* at ¶ 19 .  Plaintiff has not produced any admissible evidence to rebut the Presumption and the Defendant is entitled to judgment as a matter of law.

At deposition, Plaintiff's proffered expert produced his written report and offered testimony relative to the government and industry standards governing the Cart. (**Ex. D**).  In his Response Brief, Plaintiff now argues that he "*will* submit evidence that Defendant's … cart… was not in compliance with Standard B56.1969(*sic*) and the previous ANSI standard…"  (Resp Brf, p 12).  Plaintiff's expert did not offer any such evidence in his report or at deposition and Plaintiff has offered no admissible evidence to rebut the Presumption.  Summary judgment is proper.

    **C.**    **Alteration**

Under MCL 600.2947(1), a manufacturer is not liable in a product liability action for harm caused by an alteration of the product unless the alteration was reasonably foreseeable. Here, the key switch, a safety device installed by the manufacturer, was removed after it left the Defendant's control. (**Ex. E**, pp 32-33; **Ex. D**, pp 91, 130-132).  Defendant had instructed the user of the Cart to turn the key switch to the OFF position before leaving the vehicle.  (**Ex. B)**.  All witnesses agree: had the Cart still had the key switch and had the operator followed those instructions, the Accident

would not have occurred.

Plaintiff attempts to get around that problem by arguing that Defendant knew of the change: "Plaintiff asserts that Chief Chart, which made the switch to the toggle switch was an agent of Defendant and had informed Defendant," and "Plaintiff asserts that [Plaintiff's Exhibit 21, the invoice evidencing the change to toggle switches] was forwarded to Defendant so that they (*sic*) did have knowledge of the addition of the toggle switch in place of the key switch." (Resp Brf, p 13). This argument is without merit for two key reasons. First, under 29 CFR 1910.178(a)(4), such a change was not permitted without Defendant's prior *written* permission. (**Ex. D,** pp 132-133). Plaintiff's expert admits there is no evidence that any party sought or received the Defendant's approval to alter the key switch. *Id* at 130-134. Second, while Plaintiff "asserts" that Defendant was aware of the change made at General Motors' request, there is no evidence to support that conclusion. The Exhibit Plaintiff references as supporting that conclusion was, according to the witness who generated the document, an internal Chief Cart document used for inventory control. (**Ex. E,** pp 31-32). There is no evidence that that document was sent or communicated to Defendant. In fact, Defendant denies ever having received a request for such an alteration. (**Ex. Q,** ¶ 21).

Where Plaintiff's own expert agrees that the deletion of the key switch was material (**Ex. D,** p 133), and there Defendant did not give written permission permitting the change, MCL 600.2947(1) precludes liability against the Defendant because a critical safety device installed on the product was improperly and unforeseeably removed by third parties.

### D. Misuse

Under MCL 600.2947(2), a manufacturer is not liable for harm caused by misuse of a product unless the misuse was reasonably foreseeable. In response to Defendant's argument that

liability here is precluded by this statute, "Plaintiff [argues] that there was no misuse of the vehicle in this instance." (Resp Brf, p 14).   That argument flies in the face of all the evidence.

The warning label on the vehicle as well as the Owners' Manual specifically warn the operator of the Cart to, turn key switch to the "OFF" position, move the direction indicator to the neutral position and engage the parking brake.  (**Ex. B,** pp 2-3).  There is no dispute here: Mr. Bowen did not have a key switch to turn off, he did not switch the toggle switch to the "OFF" position, he did not move the direction indicator to the neutral position and he did not engage the parking brake.  At a minimum, those actions constitute "misuse" as defined by statute, as the Cart was used in a manner contrary to warnings and instructions provided by the manufacturer.  MCL 600.2945(e).   Further, Plaintiff has produced no admissible evidence that such misuse was reasonably foreseeable by the Defendant.  Summary judgment is proper under MCL 600.2947(2).

> E.   **Causation and Design Defect**

In response to Defendant's design defect and causation arguments, Plaintiff bases his arguments on cases decided before the effective date of the 1996 Products Liability Act which governs this action.  MCL 600.2945, *et. seq.*   In fact, in this product liability action, Defendant is not liable unless the Plaintiff establishes that the Cart was not reasonably safe at the time it left control of the manufacturer, and that, a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product and without creating equal or greater risk of harm to others. MCL 600.2946(2).

Plaintiff has not supported his claim by citation to appropriate authority or facts in the record. There is no evidence that the Cart was not reasonably safe when it left Defendant's control. While Plaintiff has evidence that an Operator Present Switch is used in other types of vehicles, he

has no evidence that such a switch has been installed by any manufacturer in this type of vehicle or even that this type of accident has occurred before. (**Ex. Q**, ¶ 20).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v Catrett*, 477 US 317, 322 (1986). A dispute over a material fact cannot be "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986). Here, Plaintiff has failed to provide this Court with sufficient evidence in support of each element of his product liability claims and, therefore, judgment in the Defendant's favor is proper.

**Conclusion**

Plaintiff, in essence, argues that Defendant was required to foresee all possible accident scenarios and guard against them. However, "[m]anufacturers are not insurers that 'in every instance and under all circumstances no injury will result from the use' of their products." See *Owens v Allis-Chalmers Corp*, 414 Mich 413, 432; 326 NW2d 372 (1982) quoting *E I DuPont de Nemours & Co v Baridon*, 73 F2d 26, 30 (CA 8, 1934). Defendant respectfully requests that this Court determine that Defendant is not an absolute insurer of the Cart, grant its Motion and enter Judgment pursuant to Fed R Civ P 56(c) in favor of the Defendant and against Plaintiff, together with an assessment of costs and attorneys' fees as permitted under Fed R Civ P 37(c)(1).

    Respectfully submitted,
    Kerr, Russell and Weber, PLC

    /s/ Lisa A. Robinson
    500 Woodward Ave.
    Suite 2500
    Detroit, MI 48226
    (313) 961-0200
    Lar@krwlaw.com
Dated: May 24, 2005    P38141

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

   Neal J. Wilensky

                                 Respectfully submitted,

                                 Kerr, Russell and Weber, PLC

                                 /s/ Lisa A. Robinson
                                 500 Woodward Ave.
                                 Suite 2500
                                 Detroit, MI 48226
                                 (313) 961-0200
                                 Lar@krwlaw.com
                                 P38141