UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LESHO,

    Plaintiff,

v.                                          Case No. 04-73150

TEXTRON, INC.,                      Honorable Patrick J. Duggan

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE SUR REPLY BRIEF AND DENYING PLAINTIFF'S MOTION TO STRIKE DECLARATION / AFFIDAVIT OF JAMES FISHER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on JUNE 3,2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On July 2, 2004, Plaintiff Daniel Lesho brought this products liability action against Defendant Textron, Inc., the manufacturer of the E-Z Go Workhorse cart. This matter is before the Court on Plaintiff's Motion to Strike Declaration / Affidavit of James Fisher and Plaintiff's Motion to File Sur Reply Brief, both filed on May 26, 2005. In his Motion to File Sur Reply Brief, "[i]n the alternative to this Court striking the Affidavit or Declaration of James Fisher as Plaintiff has moved this Court to do, Plaintiff seeks this Court's permission to file a Sur Reply Brief . . ." (Mot. to File Sur Reply Brief at ¶ 4).

Plaintiff seeks to respond to Defendant's argument that the cart complied with a

government or industry standard, precluding Plaintiff's product liability action pursuant to MICH. COMP. LAWS ANN. § 600.2946(4), which provides, in pertinent part:

> In a product liability action brought against a manufacturer or seller for harm allegedly caused by a product, there is a rebuttable presumption that the manufacturer or seller is not liable it, at the time the specific unit of the product was sold or delivered to the initial purchaser or user, the aspect of the product that allegedly caused the harm was in compliance with the standards relevant to the event causing the death or injury set forth in a federal or state statute or was approved by, or was in compliance with regulations or standards relevant to the event causing the death or injury promulgated by, a federal or state agency responsible for reviewing the safety of the product. . . .

Local Rule 1.2 provides: "For good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the Rules." The Court believes that Plaintiff's Motion and his Brief in Support establish good cause why this Court should allow Plaintiff to file a sur reply brief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to File Sur Reply Brief is **GRANTED**. Plaintiff must file his Sur Reply Brief by June 7, 2005.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Declaration / Affidavit of James Fisher is **DENIED AS MOOT**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Neal J. Wilensky, Esq.
Lisa A. Robinson, Esq.