UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL LESHO,

                                                     CASE NO: 04-CV-73150-DT

    Plaintiff,                                   Judge:  Patrick J. Duggan

vs.

TEXTRON, INC.

    Defendant.
_____/

| Neal J. Wilensky | Lisa A. Robinson |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| 10775 S. Saginaw, Suite C | 500 Woodward Avenue, Suite 2500 |
| Grand Blanc, Michigan 48439 | Detroit, Michigan 48226-3427 |
| (810) 606-0410 | (313) 961-0200 |

_____/

**PLAINTIFF'S SUR REPLY BRIEF**

      Plaintiff has been granted the right to file a sur reply brief in this matter.  The most pressing part of Defendant's Motion for Summary Disposition revolves around the issue of MCLA 600.2946(4) which creates a rebuttable presumption that a manufacturer is not liable in a product liability action if the product was in compliance with a government or industry standard.  Thus, this Court has to decide whether the Textron electrical industrial cart which is the subject matter of this litigation at the time it was manufactured and distributed in 1999 was in compliance with a government or industry standard and then ascertain whether Plaintiff can present evidence at trial to rebut this presumption.

      Defendant has tried to posture this case by stating that if the Court finds that they were in compliance then summary disposition must follow which is false.  On the issue of James Fisher's

1

Affidavit Plaintiff asserts and relies on the premise that a party can not vary or contradict his or her deposition testimony by an Affidavit prepared after the fact. <u>Downer</u> vs. <u>Detroit Receiving Hospital</u>, 191 Mich App 232 (1996). Specifically at pages 20 and 21 James Fisher was questioned about his knowledge of OSHA and ANSI regulations. He testified that the OSHA regulation 1910.178 did not have any requirements as to the type of safety devices on industrial carts. (Fisher deposition, pg. 21). Fisher then, after the fact, signed a Declaration / Affidavit which imports that he has broad form knowledge of both ANSI and OSHA regulations and asserts Defendant was compliant with those regulations. Defendant filed an Answer dated December 20, 2004 to Plaintiff's Interrogatory #8 where Defendant stated that there was no industrial standard or governmental standard regarding the type, location, or number of safety switches that related to the manufacture, distribution, sale of this type of industrial cart.

When reading Defendant's answer to the Interrogatory, Fisher's depositional testimony, and then Fisher's later self serving Declaration / Affidavit this Court should totally disregard any Defendant proof on this subject based on Defendant's blatantly misleading answers that were forthcoming in the Discovery Interrogatory and deposition testimony.

The next issue presented to this Court is the ambiguity and discrepancies in the ANSI standards that Defendant is trying to use to create the rebuttable presumption. All of the ANSI exhibits have been attached in the previous briefs. It would be helpful to this Court to quickly review the language and what the expected testimony of Professor Koenig is as to compliance. The first ANSI standard, B56.1 - 1959, Section 615 states:

> "Electrical lift trucks are sit down rider type in capacities up to 10,000 pounds shall be provided with a switch that will automatically open the driving circuit when the operator leaves the machine."

2

Professor Koenig's opinion requires the operator seat switch, Defendant did not comply.

B56.1 - 1969, Section 411 states:

"Means shall be provided to open the travel circuit when the operator leaves the truck."

Professor Koenig's opinion is that Defendant may be in compliance.

B56.1 - 1975, section 410 states:

"Means shall be provided to disconnect the travel circuit automatically when the operator leaves the operating position."

Professor Koenig's opinion is that operator seat switch is required and Defendant is not in compliance.

B56.1 - 1987 Section 7.17(2) states:

"Means shall be provided to disconnect the travel circuit automatically when the operator leaves the operating position."

Professor Koenig's opinion is that the standard requires operator seat switch and Defendant is not in compliance.

B56.1 - 1988, Section 7.17 (2) states:

"Means shall be provided to disconnect the travel circuit automatically when the operator leaves the operating position."

Professor Koenig's opinion is that the standard requires operator seat switch and Defendant is not in compliance.

B56.8 - 1993, Section 7.38 states:

"Manually operated device shall be provided to disconnect all travel control circuits."

Professor Koenig's opinion is that Defendant may be in compliance. (See ANSI standards, Exhibit #19, Plaintiff's Response to Defendant's Motion for Summary Judgment)

As to a non governmental standard that Defendant asserts their product was in accordance with or in compliance with MCLA 600.2946(1) states that such evidence is admissible but creates

no presumptions of any type. Thus, the B56.8 - 1993 standard, whether Defendant has complied or not, is simply evidence in the case for a jury to decide. Plaintiff asserts that this Court, when trying to ascertain whether Defendant was in compliance with ANSI standard B56.1 - 1969 or previous or subsequent ANSI standards that the OSHA interpretation letter of February 28, 2001, **Plaintiff's Exhibit #1**, becomes crucial. Compliance can be assessed by whether a newer standard is equally protective to a pre-existing or older version of the same standard.

Furthermore, this Court must not ignore Defendant's non compliance with the same ANSI standards in the B56.1 series that they are trying to assert compliance with. Specifically, Plaintiff asserts and cites the Affidavit of its expert witness, Professor Milton Koenig, **Plaintiff's Exhibit #2**, that Defendant was not in compliance with B56.1 - 1959, B56.1 - 1975, B56.1 - 1987, B56.1 - 1988. Furthermore, Professor Koenig opines that B56.1 - 1969 was not equally protective as the pre-existing standard, the ANSI B56.1 - 1959 standard or the 1975, 1987 and 1989 standards.

Certainly Plaintiff presents to this Court factual issues as to the evidence it will use to rebut the potential presumption such that summary disposition must not be granted. This evidence includes Professor Koenig's opinion testimony, the 1959, 1975, 1987 and 1988 ANSI standards, the interpretive letter from the American Society of Mechanical Engineers and the earlier publication by the American Society of Mechanical Engineers (Instructional Aid for Occupational Safety and Health in Mechanical Engineering and Design, 1984).

Furthermore, this Court should estop the Defendant by virtue of its previous Interrogatory Answers (pleadings) and James Fisher's testimony under oath regarding the applicability of any ANSI or OSHA standards. <u>Slocum</u> vs. <u>Ford Motor Company</u>, 314 N.W. 2d 546 (1981) and <u>The Matter of Fordson Engineering Corp</u>, 25 B.R. 506 Bankruptcy Eastern District of Michigan

(1982).  The Defendant could have asserted compliance in their Interrogatory Answers or Fisher's testimony but did not.  Instead at the close of discovery they now move for summary disposition and then produce an untimely and self serving Affidavit / Declaration by James Fisher.

Additionally, Defendant's list of Affirmative Defenses did not clearly raise the issue of what standards or Statutes Defendant complied with relative to MCLA 600.2946(4).

Plaintiff submits that they have enough evidence to rebut the presumption if this Court were to find there was a rebuttable presumption regarding compliance with the one OSHA standard in question.  Additionally, Plaintiff asserts that there should be no rebuttable presumption found because of Defendant's pleadings and additional answers feigning a lack of knowledge on industry standards.  Lastly, based on a close inspection of all of the ANSI standards in question, Koenig's Affidavit, the OSHA interpretive letter, and the ANSI clarification letter, this Court should find that the factual questions surrounding why ANSI 56.1 - 1969 does not have the same language of prior or subsequent ANSI standards on the same subject matter leads to a conclusion that no presumption can be created because of the facts and circumstances surrounding this standard.

For all the foregoing reasons and the reasons raised in Plaintiff's initial responsive brief, Defendant's Motion must be denied in full.

                            Respectfully submitted,
                            KAECHELE & WILENSKY, P.C.

                            S/Neal J. Wilensky
                            Neal J. Wilensky (P35182)
                            10775 S. Saginaw, Suite C
                            Grand Blanc, Michigan 48439
                            (810) 606-0410
Dated: June 7, 2005            cindycy02@hotmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

I hereby certify that on June 7, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Attorney Lisa A. Robinson.

    Respectfully submitted,

    KAECHELE & WILENSKY, P.C.

    <u>S/Neal J. Wilensky</u>
    Neal J. Wilensky (P35182)
    10775 S. Saginaw, Suite C
    Grand Blanc, Michigan 48439
    (810) 606-0410
    cindycy02@hotmail.com