IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LESHO,      Case No. 04-73150
    Hon. Patrick J. Duggan

    Plaintiff,

v

TEXTRON, INC.,

    Defendant.
_____

| **KAECHELE & WILENSKY** | **KERR, RUSSELL and WEBER, PLC** |
|---|---|
| By: Neal J. Wilensky (P35182) | By: Robert A. Marsac (P17114) |
| Attorneys for Plaintiff | Lisa A. Robinson (P38141) |
| 10775 S. Saginaw | Attorneys for Defendant |
| Suite C | 500 Woodward Avenue |
| Grand Blanc, MI 48439 | Suite 2500 |
| (810) 606-0410 | Detroit, MI 48226 |
|  | (313) 961-0200 |

_____

# SUPPLEMENTAL BRIEF IN SUPPORT OF
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Textron, Inc. ("**Defendant**") moved for summary judgment pursuant to Fed R Civ P 56(c) and oral argument was held on June 9, 2005. Defendant files this brief in order to correct an argument made at that hearing.

In its motion and at the hearing, Defendant argued that MCL 600.2946(4) creates a rebuttable presumption that a manufacturer is not liable in a products liability action if the product at issue was in compliance with government and/or industry standards at the time the specific unit left the manufacturer's control (the "**Presumption**"). That statute reads, in relevant part, as follows:

> (4) In a product liability action brought against a manufacturer or seller for harm allegedly caused by a product, there is a rebuttable presumption that the manufacturer or seller is not liable if, at the time the specific unit of the product was sold or delivered to the initial purchaser or user, the aspect of the product that allegedly caused the harm was in compliance with standards relevant to the event causing the death or injury set forth in a federal or state statute or was approved by, or was in compliance with regulations or standards relevant to the event causing the death or injury promulgated by, a federal or state agency responsible for reviewing the safety of the product. Noncompliance with a standard relevant to the event causing the death or injury set forth in a federal or state statute or lack of approval by, or noncompliance with regulations or standards relevant to the event causing the death or injury promulgated by, a federal or state agency does not raise a presumption of negligence on the part of a manufacturer or seller. Evidence of compliance or noncompliance with a regulation or standard not relevant to the event causing the death or injury is not admissible.

Defendant correctly argued that two standards apply to the Cart: a government standard and an industry standard. The government standard, 29 CFR 1910.178 entitled, "Powered Industrial Trucks," governs all design and safety requirements for the Cart. (**Ex. Q,** J. Fisher Dec, ¶ 16). That regulation incorporates ANSI B56.1-1969. *Id.* The industry standard for the burden carrier at issue is ANSI B56.8. *Id*. at ¶ 7. Defendant also correctly argued that neither the government nor industry standards mandate the installation of an Operator Present Switch in a burden carrier. *Id.* at ¶ 19 and that Plaintiff did not produce any admissible evidence to rebut the Presumption.

At the hearing, the Court asked Defendant's counsel whether the Presumption applied to both government and industry standards and counsel answered in the affirmative. Upon review of

the statute following the hearing, Defendant must concede that the Presumption applies only to standards "set forth in a federal or state statute" or "promulgated by, a federal or state agency responsible for reviewing the safety of the product." Thus, while Defendant is entitled to the benefit of the Presumption where it complied with the government standard (29 CFR 1910.178), the fact that Defendant also complied with the industry standard, ANSI B56.8, is irrelevant under MCL 600.2946(4).

Significantly, the fact remains that Defendant complied with the government standard, 29 CFR 1910.178 entitled, "Powered Industrial Trucks," which incorporates ANSI B56.1-1969. *Id.* While Plaintiff's expert, in his Affidavit attached to Plaintiff's Sur Reply Brief, argues for the first time that Defendant is not in compliance with various industry standards, he *does not* conclude that Defendant is not in compliance with this government standard. Further, Plaintiff states in his Sur Reply Brief at page 3 that:

> "B56.1 – 1969 Section 411 states:
>
> 'Means shall be provided to open the travel circuit when the operator leaves the truck.'
>
> Professor Koenig's opinion is that Defendant may be in compliance."

Where, as here, Plaintiff concedes that Defendant met the government standard applicable to the alleged injury causing product, the Cart, Defendant is entitled to the Presumption afforded under MCL 600.2946(4). Further, where Plaintiff has produced no admissible evidence to rebut that Presumption, Defendant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

    Respectfully submitted,
    Kerr, Russell and Weber, PLC

    /s/ Lisa A. Robinson
    500 Woodward Ave.
    Suite 2500
    Detroit, MI 48226
    (313) 961-0200

Dated: July 1, 2005

Lar@krwlaw.com
P38141

{32166\3\DT142622.DOC;1}              3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

   Neal J. Wilensky

                                 Respectfully submitted,

                                 Kerr, Russell and Weber, PLC

                                 /s/ Lisa A. Robinson
                                 500 Woodward Ave.
                                 Suite 2500
                                 Detroit, MI 48226
                                 (313) 961-0200
                                 Lar@krwlaw.com
                                 P38141